IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SEAN HOBBS, (TDCJ-CID #1468809) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-09-3081 |
| HOUSTON POLICE DEPARTMENT, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Michael Sean Hobbs, a Texas state inmate, sued the Houston Police Department ("HPD") and a patrol officer, "Officer Vance." Hobbs alleged that Vance kicked him during his September 3, 2007 arrest and that he was subsequently denied adequate medical care. The HPD answered and moved to dismiss, arguing that it was an entity not capable of being sued. (Docket Entry No. 24). The HPD and Officer Vance also filed a motion to dismiss on the ground that when Hobbs filed his suit on September 21, 2009, the statute of limitations had expired. (Docket Entry No. 25). Hobbs moved to amend his complaint to name the City of Houston as a defendant. (Docket Entry No. 27). Based on the pleadings, the motions to dismiss, Hobbs's response, the record, and the applicable law, this court grants HPD's motion to dismiss and grants Hobbs's motion for leave to file an amended complaint to name the City of Houston instead of HPD. This court denies the motion to dismiss filed by HPD and Officer Vance based on limitations. The reasons for these rulings are stated in detail below.

I.   **The Allegations in the Complaint**

Hobbs alleges that on September 3, 2007, he was walking through an apartment building courtyard when Officer Vance ordered him to "freeze" and then to lie face down on the ground. Hobbs alleges that he complied, but Officer Vance kicked him repeatedly in the face, head, and ribs. Hobbs was arrested and charged with burglary of a habitation. He pleaded guilty and received a twenty-five year prison term. He was transferred from the HCJ to the TDCJ on November 30, 2007.

Hobbs alleges that as a result of Officer Vance's kicks, he suffered facial bruises, a "busted upper and lower lip," a chipped front tooth, head injuries, two seizures, and a sore rib cage. Hobbs received pain medications on September 4, 2007. After the two seizures on October 9, 2007, Hobbs was prescribed phenobarbital. He was seen by a dentist in the TDCJ on September 24, 2008 and in June and October 2009, when he received a bonded resin on the chipped tooth.

Hobbs seeks a declaratory judgment that the defendants violated his civil rights, as well as $300,000 in compensatory damages and $200,000.00 in punitive damages from each defendant.

II.  **Procedural History and Background**

Hobbs filed this civil rights complaint on September 21, 2009. The complaint was signed on August 21, 2009; mailed in an envelope postmarked September 18, 2009; received for filing on September 21, 2009; and docketed on September 23, 2009. Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date the prisoner gave it to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). For example, if a prisoner mails his pleading three days before a deadline, and it does not reach the clerk of the court until three days after the deadline, under the prison mailbox rule, the pleading is considered timely. *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009).

In an order entered April 26, 2010, this court noted that it was unclear when Hobbs gave the complaint to prison officials for mailing and ordered the mail room supervisor of the Byrd Unit to complete an affidavit providing that information. (Docket Entry No. 12). The mail room supervisor complied on June 1, 2010. (Docket Entry No. 13).

This court ordered service of process as to Officer Vance and the HPD on July 16, 2010, (Docket Entry No. 16), and again on October 26, 2010. (Docket Entry No. 19). On December 17, 2010, the HPD moved to dismiss because it was an entity incapable of being sued, (Docket Entry No. 24), and the HPD and Officer Vance jointly moved to dismiss based on the statute of limitations. (Docket Entry No. 25). Hobbs responded and moved to amend on December 30, 2010. (Docket Entry No. 27).

## III. The Motion to Dismiss

### A. The Applicable Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). The Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to Relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly,* 550 U.S. 544).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief -- including factual

allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.)*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009). "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pleadings filed by a *pro se* litigant are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

A court generally must limit itself to the contents of the pleadings in considering a Rule 12(b)(6) motion but may consult documents attached to the defendant's motion if "'they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). A "complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *accord La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte*, 805 F.2d 1254, 1255 (5th Cir. 1986). A plaintiff's noncompliance with the applicable statute of limitations "'may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)); *see Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007);

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied,* 537 U.S. 1200 (2003). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *In re Dynegy, Inc. Secs. Litig.,* 339 F. Supp.2d 804, 819 (S.D. Tex. 2004).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999))).

### B. The HPD's Motion to Dismiss

Hobbs named the HPD as a defendant in this § 1983 suit. (Docket Entry No. 1, Complaint, p. 1). Section 1983 imposes liability on any "person" who violates an individual's constitutional rights while acting under color of state law. A plaintiff may not sue specific departments of a city or county, rather than the city or county itself, if the departments were not political entities capable of suing and being sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991); *see also Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961); *Taylor v. Administrator of the SBA*, 722 F.2d 105, 110-11 (5th Cir. 1983). The HPD is a subdivision of the City of Houston and is not an entity capable of suing or being sued. The motion to dismiss filed by the HPD, (Docket Entry No. 24), is granted.

### C. The Motion to Dismiss Based on Limitations

Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16. 003(a). Although state law determines the length of the limitations period under § 1983, federal law determines when the cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Generally, in Texas, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). A cause of action generally accrues, and the statute of limitations begins to run, when facts exist that authorize a claimant to seek a judicial

remedy. *Johnson & Higgins of Tex. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). "[A] cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). "[L]imitations begin[s] to run when the fact of injury is known, not when the alleged wrongdoers are identified." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 n.3 (Tex. 1992) (citation & internal quotation marks omitted).

A defendant bears the burden of establishing the accrual date of a plaintiff's claims. *See Diversicare Gen. Partner, Inc. v. Rubio*, No. 2-0849, 49 Tex. Sup. Ct. J. 19, 2005 WL 2585490, at *2 (Tex. Oct. 14, 2005). A defendant asserting a limitations defense at the pleading stage has the burden to establish the accrual date, including negating the applicability of the discovery rule. *Doe v. Linam*, 225 F. Supp.2d 731, 735 (S.D. Tex. 2002) (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988)).

Hobbs alleges the use of excessive force on September 3, 2007. His complaint was postmarked September 18, 2009 and filed on September 21, 2009. Hobbs states that he initially filed his suit on September 1, 2009, but it was returned to him. Hobbs submits an Inter-Office Communication from prison officials dated September 17, 2009. The Communication states that prison officials inadvertently opened Hobbs's legal correspondence outside his presence. (Docket Entry No. 28, Ex. A, p. 1). Hobbs claims that the Communication shows that he attempted to file his complaint on September 1, 2009.

Hobbs offers as one theory that the court received his complaint and sent it back. Nothing in the court records shows that this court received Hobbs's complaint on, or shortly after, September 1, 2009. Court records show that this court received Hobbs's complaint on September 21, 2009, and

it was filed in this civil action on September 23, 2009. The complaint bears the postmark of September 18, 2009.

Hobbs claims that he gave his complaint to prison officials for mailing twice, first on September 1, 2009 and then on September 18, 2009. The prison mail log contains no supporting entries for those dates. Assuming that Hobbs labeled his complaint as legal mail and that he delivered it to prison officials for mailing in September 2009, the mail logs should reflect that legal correspondence. The absence of such entries suggests to the court that either Hobbs did not label his correspondence as legal mail or that he did not deliver his complaint to prison officials for mailing to this court. If Hobbs mailed his complaint to the court as regular or nonprivileged mail, this would account for the lack of entries on the unit mail log during the relevant time.

The present record is inadequate to determine whether limitations bars this suit. Hobbs has asserted that he did attempt to file his complaint within the statute of limitations. The motion to dismiss based on limitations, (Docket Entry No. 55), is denied at this time, without prejudice to the reassertion of the limitations argument as the basis for a motion for summary judgment.

### IV. The Motion for Leave to Amend

Hobbs moves to amend his complaint, (Docket Entry No. 27), to name the City of Houston as a defendant. Hobbs's motion to amend the complaint is granted.

### V. Conclusion and Order

The motion to dismiss filed by the HPD, (Docket Entry No. 24), is granted. Hobbs's claims against the HPD are dismissed. The motion to dismiss based on limitations, (Docket Entry No. 25), is denied. Hobbs's Motion to Amend Complaint, (Docket Entry No. 27), is granted. Hobbs's claims against Officer Vance and the City of Houston are retained for further proceedings. Officer Vance and

the City of Houston must file a motion for summary judgment under FED. R. CIV. P. 56, no later than **July 30, 2011**. The defendants may reurge the argument that Hobbs's claims are barred by limitations. In that event, the defendants should include an affidavit from the law library supervisor of the Byrd Unit or Jennifer Smith,[1] supervisor of the Mail System Coordinator's Panel, P.O. Box 99, Huntsville, TX 77342-0099. The affidavit should address the following matters, if appropriate:

(A)  prison policies governing the mailing of legal or privileged mail and nonprivileged mail;

(B)  the procedure for recording privileged mail and nonprivileged mail in the mail log; and

(C)  why Hobbs was able to file his complaint in this court without there being a corresponding entry in the unit mail log.

If the defendants do not move for summary judgment within the deadline, they are ordered to file an advisory to the court stating the reasons why.

Hobbs will respond to the defendants' motion for summary judgment within 45 days after the defendants mailed Hobbs his copy of the additional pleadings, as shown on the defendants' certificate of service. <u>Hobbs's failure to respond to the defendants' motion within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P.</u>

SIGNED on May 25, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Ms. Smith can be reached at 936-437-6336.